# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

CINCINNATI INSURANCE COMPANY,

        Plaintiff,

vs.

NATIONAL PRINT GROUP, INC., *et al.*,

        Defendants.

2:14–cv–02174–GMN–VCF

**ORDER**

    Before the court is the parties' Stipulated Protective Order and Proposed Order (#35 at 20[1]), which the court approves in the submitted form with the addition of one paragraph, Paragraph F, regarding filing. This order reminds counsel that there is a presumption of public access to judicial files and records. The inserted paragraph, Paragraph F, will read:

> In the event that counsel files or lodges with the Court any Confidential Information, all documents attaching, quoting from, or otherwise revealing the content of Confidential Information shall be filed under seal in accordance with Local Rule 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

    A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might

---

[1] Parenthetical citations refer to the court's docket.

have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id*. at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id*.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that:

1. The parties' Stipulated Protective Order and Proposed Order (#35 at 20) as submitted is NOT APPROVED.

2. The parties shall comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Confidentiality and Protective Order (#35 at 20), as modified and signed by the court, is APPROVED.

DATED this 6th day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

Leland Eugene Backus, Esq.
Nevada State Bar No. 473
Tess E. Johnson, Esq.
Nevada State Bar No. 13511
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
gbackus@backuslaw.com
Attorneys for Plaintiff,
*Cincinnati Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL PRINT GROUP, INC., an inactive qualified non-survivor merged Tennessee corporation; ROCK-TENN COMPANY, a Georgia corporation; NATIONAL LAS VEGAS, INC., a merge dissolved Nevada corporation; NATIONAL LAS VEGAS, LLC, a merge dissolved Nevada limited liability company; SN INVESTMENT PROPERTIES, LLC, a Delaware limited liability company; HARSCH INVESTMENT PROPERTIES, LLC, an Oregon limited liability company; and HARSCH INVESTMENT PROPERTIES NEVADA, LLC, an Oregon limited liability company; FIREMAN'S FUND INSURANCE COMPANY, a California corporation;<br><br>Defendants. | Case No.   2:14-cv-02174-GMN-VCF<br><br>**<u>STIPULATION AND ORDER FOR A PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION PURSUANT TO Fed. R. Civ. P. 26(c)</u>** |

///

///

///

///

| | |
|---|---|
| NATIONAL PRINT GROUP, INC., an inactive qualified non-survivor merged Tennessee corporation; ROCK-TENN COMPANY, a Georgia corporation; NATIONAL LAS VEGAS, INC., a merge dissolved Nevada corporation; NATIONAL LAS VEGAS, LLC, a merge dissolved Nevada limited liability company; ROCK-TENN CONVERTING COMPANY, a Georgia corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | ) |
| v. | ) |
| CINCINNATI INSURANCE COMPANY, an Ohio corporation | )<br>)<br>) |
| Counterclaim Defendant. | )<br>) |

## STIPULATION AND ORDER FOR A PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION PURSUANT TO Fed. R. Civ. P. 26(c)

The parties, by and through their respective undersigned counsel, hereby stipulate and agree that the Court may enter a Protective Order Governing Confidentiality of Documents and Other Information to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality; protect adequately material entitled to be kept confidential and privileged as proprietary or otherwise considered confidential or privileged company policies and procedures and to ensure that protection is afforded only to material or information so entitled.

It is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby stipulated and agreed that the following terms and conditions applicable to discovery in this matter be entered by order of the Court:

A.  **NONDISCLOSURE OF STAMPED CONFIDENTIAL DOCUMENTS.**

Except with the prior written consent of the party or other person originally designating a document to be stamped as confidential document, or as hereinafter provided under this order, no

2

stamped confidential document may be disclosed to any person, except as authorized by this Order.

A "stamped confidential document" means any document which bears the legend or which shall otherwise have had the legend recorded upon it in any way that brings to the attention of a reasonable examiner. *"Confidential-Subject to Protective Order in Case No.: 2:14-cv-02174-GMN-VCF, United States District Court of Nevada"* signifies that the document so marked contains the information believed to be subject to a protection under Fed. R. Civ. P. 26(c), under the various policies of the affected companies or agencies whose documents or information is being produced, or otherwise under federal or state law.  For purposes of this order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person pursuant to Fed. R. Civ. P. 34, subpoena, by agreement or otherwise.  Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs that summarize or contain materials entitled to protection that may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.  In the event a party examines or inspects the processes or equipment operations of a company, the notes, data compilations, photographs, videotaping or other type of recordation shall be deemed a document as defined herein.

**B.     PERMISSABLE DISCLOSURES.**

Notwithstanding paragraph A, stamped confidential documents may be disclosed to the parties and counsel for the parties in the action who are effectively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to Court officials involved in this litigation (including Court reporters,

3

persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of paragraph (c) below, such documents may also be disclosed:

 (a) To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

 (b) To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in litigation; to employees and parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retreating data or designating programs for data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees at third-party contracts to perform one or more of these function; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the Court a form containing:

  (1) a recital that the signatory has read and understands this order;

  (2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court;

  (3) a statement that the signatory consents to submit to the personal jurisdiction of this Court for enforcement of this stipulation and order.

 (c) Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b), the party wishing to make such disclosure shall give at least ten (10) days advanced notice in writing to the counsel who has designated the information as confidential, stating the names and addresses to the persons to whom the disclosure will be made [however, if the disclosure is to be made to a consulting expert whose identity need not be disclosed, counsel will so advise that an undisclosed consulting expert is going to receive the documents or information, and make sure that the undisclosed consulting expert is bound by this stipulation and order, by

maintaining a signed affidavit by the consulting expert that he or she will abide by all terms and conditions of this stipulation and order], identifying with particularly the document to be disclosed and stating the purpose of such disclosure. If within the ten (10) day period a motion is filed objecting to the proposed disclosure, the proposal is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

C. **DECLASSIFICATION.**

A party (or entity permitted by the Court to intervene for such purposes) may apply to the Court by ruling that a document (or categories of documents) stamped as confidential is not entitled such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of the confidentiality shall, by a preponderance of evidence, establish that there is good cause for the document to have such protection.

D. **CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

(a) A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provision of paragraphs B(c) are complied with. Deponents shall not retain or copy portions of a transcript of their depositions that contain confidential information not provided by them or the entities that they represent unless they sign the form described in paragraph B(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may, within fifteen (15) days after first receiving a deposition transcript, in any form, including electronic or hard copy, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages

5

1 with a following legend: *"Confidential/Subject to Protection pursuant to Court Order."* Until
2 expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection
3 against disclosure under this order. If no party or deponent timely designates confidential
4 information in a deposition, then neither the transcript nor any of the exhibits thereto will be treated as
5 confidential, except that any exhibit to such transcript, if a stamped confidential document prior to the
6 taking of the subject deposition, will remain confidential; if timely designation is made, the
7 confidential portions and exhibits shall be filed or held under seal separate from the portions and
8 exhibits not so marked. Confidential information at trial subject to Nevada rules of evidence,
9 stamped confidential documents and other confidential information may be offered into evidence at
10 trial or any Court hearing, provided the proponent of the evidence gives five (5) days advance notice
11 to the counsel, for the party that designated the information as confidential. Any party may move the
12 Court for an order that the evidence be received in camera or under the conditions to prevent
13 unnecessary disclosure. The Court will then determine whether the proffered evidence should
14 continue to be treated as confidential information and, if so, or protection, if any, may be afforded to
15 such information at trial.

   E.  **SUBPOENA BY OTHER COURTS OR AGENCIES.**

   If another Court or administrative agency subpoenas or orders production of stamped
confidential documents that a party has obtained under the terms of this order, such parties shall
forthwith promptly notify the counsel for the party who designated the document as confidential of
the pendency of such subpoena or order.

   F.  **FILING.**

   ~~Stamped confidential documents may not be filed with the clerk except when required in connection with filings or other matters pending before the Court. If filed, they shall be filed under SEAL and shall remain SEALED while in the office of the clerk so long as they retain their status as stamped confidential documents.~~

G. **CLIENT REVIEW.**

The parties to this action are permitted to examine all confidential documents, but agree not to divulge or use the same unless otherwise permitted by this stipulation and order.

H. **PROHIBITIVE COPYING.**

If a document contains information so sensitive that it should not be copied by anyone, including counsel or counsel representatives for the parties, it shall bear the additional legend "*Copying Prohibited.*" Application for relief from this restriction against copying may be made to the Court with notice to counsel so designating the document.

I. **USE.**

Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation in trial of this specific litigation (including appeals and re-trials), and shall not use such information for any other purpose, including, but not limited to, business, personal, separate litigation, or judicial procedures.

J. **NON-TERMINATION.**

The provisions of this order shall not terminate at the conclusion of this action. Within 100 days after the final conclusion of all aspects of this litigation, stamped confidential documents and all copies of the same shall be returned to the counsel for the party that produced such documents, or, at the option of the producer (if it retains at least one copy of the same) destroyed. All counsel record shall submit certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents, not more than 100 days after the final termination of this litigation.

K. **MODIFICATION PERMITTED.**

Nothing in this order shall prevent any party or other person seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

L. **RESPONSIBILITY OF ATTORNEYS.**

The attorneys of record are responsible for employing reasonable measures, consistent with

7

this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential documents that working copies and put filing in Court under SEAL.

**M.    NO WAIVER.**

(a)    Review of confidential documents and information by any persons pursuant to this Order shall not waive the confidentiality of the documents or objections to production.

(b)    The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any persons claim of confidentiality.

**N.    OBJECTIONS RESERVED.**

Nothing contained in this confidentiality order and no action taken pursuant to it shall prejudice the right to any party to contest alleged relevancy, admissibility, or discoverability of confidential documents and information sought.

DATED this 4th day of May, 2015.

BACKUS, CARRANZA & BURDEN

By: _____
Leland Eugene Backus, Esq.
Tess E. Johnson, Esq.
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for Plaintiff
*Cincinnati Insurance Company*

///
///
///
///

1  DATED this 4th day of May, 2015.

**Hall Jaffe & Clayton, LLP**

By: _____/s/ Riley A. Clayton_____

Riley A. Clayton, Esq.
7425 Peak Drive
Las Vegas, NV 89128
Attorneys for Defendants
*SN Investment Properties, LLC;*
*Harsch Investment Properties;*
*Fireman's Fund Insurance Company;*
*Harsch Investment Properties, LLC*

DATED this 4th day of May, 2015.

**Bowler Dixon & Twitchell LLP**

By: _____/s/ Andrew F. Dixon_____
Andrew F. Dixon, Esq.
3137 E. Warm Springs Road, Suite 100
Las Vegas, NV 89120
Attorneys for Defendants
*National Print Group, Inc.;*
*Rock-Tenn Company;*
*National Las Vegas, Inc.;*
*National Las Vegas, LLC;*
*Rock-Tenn Converting Company*

///
///
///
///
///
///
///
///

**CONFIDENTIALITY ORDER**

The court having reviewed this confidentiality stipulation and for good cause demonstrated does hereby order that the terms and conditions of the above confidentiality stipulation be an order of this court in this action.

DATED this <u>  6th  </u> day of <u>  May  </u>, 2015.

_____
UNITED STATES MAGISTRATE JUDGE