RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

HALL JAFFE & CLAYTON, LLP
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC; and*
*Fireman's Fund Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL PRINT GROUP, INC., an inactive qualified non-survivor merged Tennessee corporation; ROCK-TENN COMPANY, a Georgia corporation; NATIONAL LAS VEGAS, INC., a merge dissolved Nevada corporation; NATIONAL LAS VEGAS, LLC, a merge dissolved Nevada limited liability company; SN INVESTMENT PROPERTIES, LLC, a Delaware limited liability company; HARSCH INVESTMENT PROPERTIES, LLC, an Oregon limited liability company; and HARSCH INVESTMENT PROPERTIES NEVADA, LLC, an Oregon limited liability company; FIREMAN'S FUND INSURANCE COMPANY, a California corporation;<br><br>Defendants. | CASE NO.: 2:14-cv-02174-GMN-VCF<br><br>**DEFENDANTS', SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC; and FIREMAN'S FUND INSURANCE COMPANY, REPLY IN SUPPORT OF MOTION TO STAY ALL DISCOVERY PENDING A DECISION ON DEFENDANTS' MOTION TO DISMISS/STAY (DKT. #16) IN RESPONSE TO NATIONAL PRINT GROUP, INC.'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY (DKT. #40)** |

Defendants, SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC (hereinafter, collectively, "SN/Harsch"; and FIREMAN'S FUND INSURANCE COMPANY (hereinafter, with SN/Harsch,

collectively, "Defendants"), by and through their counsel of record, HALL JAFFE & CLAYTON, LLP, hereby submit their Reply in Support of their Motion to Stay All Discovery (Dkt. #36) Pending a Decision on Defendants' Motion to Dismiss/Stay (Dkt. #16) in response to National Print Group, Inc., *et al.'s* (hereinafter, "RockTenn") Partial Opposition to Defendants' Motion to Stay Discovery (Dkt. #40) ("Partial Opposition"). As RockTenn's Partial Opposition fails to establish that the relevant criteria for granting a stay of discovery are not satisfied in the context of this case, this Court should grant Defendants' Motion to Stay Discovery (Dkt. #36).

This Reply is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities submitted herewith, and any oral argument that the Court might allow in this matter.

DATED this 29th day of May, 2015.

HALL JAFFE & CLAYTON, LLP

By */s/ Riley A. Clayton*
RILEY A. CLAYTON
Nevada Bar No. 005260
KATHY A. MCCARTHY
Nevada Bar No. 011204
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC;*
*and*
*Fireman's Fund Insurance Company*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Federal case law favors a stay of discovery during pendency of a motion when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) a "preliminary peek" at the merits of the potentially dispositive motion convinces the

Court that Plaintiff will be unable to state a claim for relief. (*See, Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL1600768 (2015, D. Nev.)(*citing, Kor Media Group, LLC v. Green*, 294 F.R.D. 579,581 (D. Nev.2013). Rock Tenn fails to establish how the foregoing criteria, in the context of this case, support a denial of Defendants' Motion to Stay Discovery (Dkt. # 36). Specifically, they do not dispute that Defendants' Motion to Dismiss/Stay (Dkt. #16) is potentially dispositive, nor do they suggest additional discovery is necessary before the Court has enough information to rule on Defendant's Motion. They do not identify any circumstances that would warrant an exception to the general rule that federal courts should decline to assert jurisdiction in insurance coverage actions presenting only issues of state law during the pendency of parallel proceedings in state court. *(See, Diamond State Ins. Co. v. Fame Operating Co., Inc.*, 917 F. Supp. 736, 738 (1996).) Thus, consideration of all relevant factors continues to favor staying discovery while Defendants' Motion to Dismiss/Stay (Dkt. #16) is pending.

Additionally, the overriding concern of ensuring "a just, speedy, and inexpensive determination of every action" is best addressed by staying discovery. (*See, Hologram USA, Inc., v. Pulse Evolution Corp*., 2015 WL 1600768 (D. Nevada). As the issues to be determined in Cincinnati's DRA are the same issues that must be determined in the pending state litigation ("Underlying Litigation"), requiring the parties to engage in parallel tracks of discovery is needlessly expensive and cumbersome. Therefore, Defendants reiterate their request that all discovery be stayed pending resolution of Defendants' Motion to Dismiss/Stay (Dkt. #16).

## II. LEGAL ANALYSIS

### A. While Not Disputing the Requisite Criteria for Granting a Stay of Discovery, RockTenn Has Failed to Establish How These Criteria Would Support This Court's Denial of Defendants' Motion to Stay Discovery.

As stated above, the case law in this District clearly establishes the criteria on which a stay of discovery may be granted by this Court when a motion is pending, namely, when (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) a "preliminary peek" at the merits of the potentially dispositive motion convinces the Court that Plaintiff will be unable to state a claim for relief. (*See, Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL1600768 (2015, D. Nev.)(*citing, Kor Media Group, LLC v. Green*, 294 F.R.D. 579,581

(D. Nev.2013). RockTenn does not dispute the foregoing as the relevant criteria for this Court's consideration in determining whether a stay of discovery is appropriate pending resolution of Defendants' Motion to Dismiss/Stay (Dkt. # 16) Cincinnati's Declaratory Relief Action (Dkt. #1). (*See, generally*, Dkt. #40.) However, they fail to establish how these criteria, considered in the context of the instant matter, favor this Court's denial of Defendants' Motion to Stay Discovery (Dkt. #36). Conversely, Defendants' Motion to Stay Discovery (Dkt. #36) analyzes these factors in the context of this case and clearly establishes that a stay of discovery is warranted.

**B. RockTenn Does Not Dispute That State Farm's Pending Motion to Dismiss/Stay is Potentially Dispositive.**

RockTenn does not dispute that Defendants' Motion to Dismiss/Stay (Dkt. #16) is potentially dispositive. (*See, generally*, Dkt. #40.) Nor could they successfully make such an argument. Defendants' Motion is unquestionably a dispositive motion since, if granted, it will result in dismissal or stay of Cincinnati's Declaratory Relief Action ("DRA") (Dkt. #1) and the status quo with Cincinnati by continuing to defend will be preserved. In the context of this case, even a stay pending resolution of the Underlying Litigation is potentially dispositive since the issues to be litigated in the DRA form the crux of the matter to be litigated in the Underlying Litigation. (*See, Okada v. Nevada Property 1*, LLC, 2014 WL6634446 (D. Nev., 2014). Thus, resolution of the Underlying Litigation is likely to resolve all the issues presented in Cincinnati's DRA (Dkt. #1).

Similarly, Defendants' Motion to Dismiss/Stay is potentially dispositive of RockTenn's Counterclaim (Dkt. # 17). The United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness, and comity. (*See, Smith v. Lenches*, 263 F.3d 972, 977, Fed. Sec. L. Rep. P 91 (2001)(citation omitted).) In determining whether the district court abused its discretion in dismissing defendants' counterclaim following voluntary dismissal of all claims against them in favor of a pending state court proceeding, the Ninth Circuit utilized the factors enumerated by the Supreme Court in *Brillhart v. Excess Insurance Company of America,* 316 US 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)*,* namely (i) whether refusal to entertain the request for declaratory relief avoids needless decisions of state law by the federal

court; (ii) whether the action is a means of forum shopping; and (iii) whether dismissal of the claim for declaratory relief would avoid duplicative litigation. (*See, Smith v. Lenches*, 263 F.3d at 977 (citation omitted).)

Finding that the state court proceeding presented the same issues as the counterclaim, and that the federal court's retention of jurisdiction would result in a needless determination of state law, the *Smith* court determined the first factor favored dismissal of the Counterclaim. (*See*, *Smith v. Lenches*, 263 F.3d at 978.) In the instant matter, RockTenn's Counterclaim against Cincinnati (Dkt. # 17) asserts only state law claims, namely breach of contract regarding duty to defend and seeks declaratory judgment regarding estoppel, also pertaining to Cincinnati's duty to defend. (Dkt. # 17.) The general rule is that federal courts should decline to assert jurisdiction in insurance coverage and declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court. *(See, Diamond State Ins. Co. v. Fame Operating Co., Inc.*, 917 F. Supp. 736, 738 (1996)(citation omitted.) In cases where different legal issues are presented by the pleadings, courts still find a parallel in the proceedings when the ultimate legal determination in each depends upon the same facts, as is the case here. (*See, id.*) The *Diamond State* Court also cited the general rule that insurance coverage actions belong in state rather than federal court. (*See, id.* (citation omitted).) Thus, as it is clear that state court is the preferred forum for insurance coverage actions, and as the legal determination in both the state and the federal action depends upon the same facts, this factor favors dismissal of RockTenn's Counterclaim.

Whether dismissal of the claim for declaratory relief would avoid duplicative litigation, weighs heavily in favor of dismissal. Because the same factual issues are relevant to the ultimate legal determination in either proceeding, permitting the Counterclaim to continue would result in duplicative litigation and a waste of judicial resources. (*See, Smith v. Lenches*, 263 F.3d at 978.) Moreover, in *Brillhart*, the United States Supreme Court specifically stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

(*See*, *Smith v. Lenches*, 263 F.3d at 978)(citing, *Brillhart v. Excess Insurance Company of America,* 316 US 491, 495, 62 S. Ct. 1173, 1173 (1942).) The Ninth Circuit interprets this language to mean that if there are parallel state proceedings involving the same issues and parties pending at the time a federal declaratory action is filed, there is a presumption that the **entire suit** be heard in state court. (*See*, *Smith v. Lenches*, 263 F.3d at 978)(citation omitted). Therefore, if Defendants' Motion to Dismiss/Stay (Dkt. # 36) is granted as to Cincinnati's DRA, it is clear that this Court should also Dismiss/Stay RockTenn's Counterclaim (Dkt. #17), thus Defendants' Motion to Dismiss/Stay is potentially dispositive.

**C. RockTenn Does Not Dispute that State Farm's Motion to Dismiss/Stay Can be Decided Without Additional Discovery.**

The essence of Defendants' Motion to Dismiss/Stay (Dkt. # 16) is that the coverage questions raised in Cincinnati's DRA (Dkt. #1) turn upon the factual and legal issues that are integral to the Underlying Litigation. Defendants illustrated this overlap in their Motion to Dismiss/Stay (Dkt. #16, pp. 6-10) by providing a side-by-side comparison of the allegations in SN/Harsch's Third Party Complaint with the allegations in Cincinnati's DRA. (Dkt. #1.) Cincinnati confirmed this overlap of factual and legal issues in its Opposition to Defendants' Motion to Dismiss/Stay (Dkt. #25), by addressing the same issues as SN/Harsch's Third Party Complaint, but presenting them as though they were already decided favorably to Cincinnati, although they have not been decided at all. RockTenn further confirms this overlap by also presenting undecided issues as though they were decided, but in favor of RockTenn as opposed to Cincinnati (Dkt. # 40).

For example, RockTenn contends that "certain of the RockTenn Defendants are not being provided a defense by Cincinnati even though they are the insureds under the Cincinnati insurance policy at issue in this litigation." (Dkt. #40, p. 3.) Conversely, Cincinnati asserts the only Named Insured on the policy was NPG. (Dkt. # 25, p. 11.) RockTenn further asserts that "discovery on Cincinnati's defense obligations to the Rock Tenn Defendants and/or any other insured/additional insured in connection with the Newson Action can properly proceed, because the defense obligations are logically unrelated to the issues of consequence in the Newson Action." (Dkt. #40, p. 3.) Cincinnati contends the Underlying Litigation is based on the acts and omissions of the landlords and the tenant on the date of the incident,

which Cincinnati asserts was National Las Vegas, LLC ("NLVLLC"). (Dkt. #25, p. 11). Conversely, Plaintiff in the Underlying Litigation asserts that SN/Harsch's tenant and his employer on the date of the accident was National Print Group. (Dkt. #16, Exhibit "A.") Clearly, a determination of Cincinnati's coverage obligations turns on a determination of the identity of the tenant and, once that has been determined, the tenant's status as an insured under the relevant policy of insurance can be resolved. It is obvious from the parties' own pleadings that the identity of the tenant and the identity of the insureds under the Cincinnati policy at the time of the accident are at issue in both the Underlying Litigation and in Cincinnati's DRA (Dkt. #1). No additional discovery is necessary in the instant case is necessary to establish the legal and factual overlap on which Defendants' Motion to Dismiss/Stay (Dkt. #16) is predicated.

As RockTenn has failed to establish that additional discovery is needed before this Court can decide Defendants' Motion to Dismiss/Stay (Dkt. #16) and, in fact, their Partial Opposition (Dkt. #40) seems to support Defendants' contention that both the Underlying Litigation and the DRA depend on resolution of the same legal and factual issues, Defendants maintain that this second factor also favors granting Defendants' Motion to Stay Discovery (Dkt. #36).

### D. RockTenn Has Failed to Establish The Existence of Any Circumstances That Would Warrant an Exception to the Rule that the Federal Court Should Decline to Assert Jurisdiction in Cincinnati's Insurance Coverage Action.

In the final prong of its analysis, this Court is required to take a "preliminary peek" at the merits of the pending dispositive motion to determine the likelihood of its success. (*See, Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 582 (D. Nev. 2013). Defendants' Motion to Dismiss/Stay (Dkt. #16) requests the Court dismiss or stay the federal DRA proceeding in favor of the state proceeding in which the same issues will necessarily be litigated. The general rule is that federal courts should decline to assert jurisdiction in insurance coverage actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule. *(See, Diamond State Ins. Co. v. Fame Operating Co., Inc.*, 917 F. Supp. 736, 738 (1996)). RockTenn fails to present any circumstances that would warrant an exception to this rule. (Dkt. #40.)

In its Partial Opposition, RockTenn contends that "discovery on Cincinnati's defense obligations

to the Rock Tenn Defendants and/or any other insured/additional insured in connection with the Newson Action can properly proceed, because the defense obligations are logically unrelated to the issues of consequences in the Newson Action." (Dkt. # 40, p. 3.) In reality, the issues are highly interrelated. A determination of Cincinnati's coverage obligations (whether of defense or indemnity) is not possible until the identity of the tenant and its relationship to the Named Insured have been established. As noted above, these issues are disputed by the parties in the Underlying Lawsuit. (Dkt. # 40, p. 3.) The identities of both the tenant and the insured(s) have yet to be established. It is well-settled that when coverage questions such as those raised in Cincinnati's DRA (Dkt. # 1) turn upon the facts to be litigated in the Underlying Litigation, a Court should favor dismissal/stay of the DRA pending resolution of the Underlying Litigation. *See, Pacific Employers Ins. Co. v. Herman Kishner Trust*, 2011 WL 977019 (D. Nev. 2011) reconsideration denied, 2011 WL 2975601 (D. Nev. 2011); *see, also, Continental Cas. Co.. v. Global Allies, LLC*, 2012 WL5289315 (E.D. Cal. 2012)("[A] stay is always required if the coverage action and the underlying action involve overlapping factual issues 'that could work to the insured's detriment in the underlying case if adjudicated beforehand in the coverage proceeding.")(citing, *Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863 (9th Cir.1979)("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")) RockTenn has failed to establish that Defendants' Motion to Dismiss/Stay (Dkt. #16) is unlikely to succeed on the merits, therefore this third prong also favors granting Defendants' Motion to Stay Discovery (Dkt. # 36).

**E. RockTenn Has Failed to Establish How the FRCP Rule 1 Objectives Are Best Achieved by Permitting Discovery to Continue Pending Resolution of Defendants' Motion to Dismiss/Stay (Dkt. # 16).**

In support of its Partial Opposition, RockTenn alleges that staying discovery will prejudice the RockTenn Defendants, presumably because they will be denied a defense by Cincinnati in the Underlying Litigation. (Dkt. #40, p. 3.) As a result, RockTenn contends, they are being forced to defend themselves in the Underlying Litigation, while simultaneously incurring costs in the instant litigation to establish entitlement to a defense. (*See, id.*) It appears, then, that RockTenn is actually in agreement that staying discovery in the federal action would better facilitate the "inexpensive determination" of this

action contemplated by FRCP Rule 1. Moreover, if the instant motion to stay of discovery is granted (and the motion to dismiss/stay the DRA is also granted), then Rock Tenn's "fears" about being forced to defend would be eliminated since Cincinnati would continue to defend Rock Tenn in the Underlying Lawsuit and the status quo would be preserved. Thus, Rock Tenn's concerns are, in fact, misplaced.

Moreover, as set forth in this and Defendants' prior pleadings, the DRA coverage questions turn on a determination of legal and factual issues that must necessarily be litigated in the Underlying Litigation. Until the identity of the tenant and its relationship to the Named Insured (or any other covered entities under the Cincinnati insurance policy) have been determined, no Court can make any determinations regarding coverage issues. As the identity of the tenant and its status as an insured must necessarily be litigated in the Underlying Litigation, it is needlessly expensive to force the parties to engage in two tracks of discovery to ferret out the same set of facts. Thus, it is clear that staying discovery pending a ruling on Defendants' Motion to Dismiss/Stay (Dkt. # 16) will best assist the Court in achieving the FRCP Rule 1 objectives of ensuring a "just, speedy, and inexpensive determination of [this] action." *See, Hologram USA, Inc. v. Pulse Evolution Corp*. 2015 WL 1600768 (D. Nevada)(*citing, Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 581 (D. Nev. 2013).

**III. CONCLUSION**

RockTenn has failed to establish that the relevant criteria favor a denial of Defendants' Motion to Stay Discovery (Dkt. # 36). RockTenn does not dispute that Defendant's motion is potentially dispositive, nor do they suggest additional discovery is necessary before the Court can rule on Defendant's Motion to Dismiss/Stay (Dkt. # 16). They have not presented any circumstances that would warrant a departure from the general rule that a federal court should decline jurisdiction in an insurance coverage action, such as Cincinnati's DRA, which is consistent with Defendants' contention that their Motion to Dismiss/Stay (Dkt. 16) is likely to succeed on the merits. Additionally, RockTenn's concerns over the costs of litigating in both the state and federal forums attest to the needless expenses being incurred by the parties in conducting parallel tracks of discovery, contrary to the objectives of FRCP Rule 1. Therefore, Defendants maintain a stay of discovery is warranted in this matter, and they reiterate

their request that this Court grant their Motion to Stay Discovery (Dkt. # 36).

DATED this 29th day of May, 2015.

HALL JAFFE & CLAYTON, LLP

By *___/s/ Riley A. Clayton___*
RILEY A. CLAYTON
Nevada Bar No. 005260
KATHY A. MCCARTHY
Nevada Bar No. 011204
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC;*
*and Fireman's Fund Insurance Company*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 29th day of May, 2015, the **foregoing DEFENDANTS', SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC; and FIREMAN'S FUND INSURANCE COMPANY, REPLY IN SUPPORT OF MOTION TO STAY ALL DISCOVERY PENDING A DECISION ON DEFENDANTS' MOTION TO DISMISS/STAY (Dkt. #16) IN RESPONSE TO NATIONAL PRINT GROUP, INC. ET AL.'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY (DKT. #40)** was served upon the parties via the Court's e-filing and service program, addressed as follows:

Leland Eugene Backus, Esq.
BACKUS, CARRANZA & BURDEN
3050 S. Durango Drive
Las Vegas, NV 89117
Tel.: (702) 872-5555
Fax: (702) 872-5545
gbackus@backuslaw.com
*Attorney for Plaintiff*

Andrew F. Dixon, Esq.
BOWLER DIXON & TWITCHELL, LLP
3137 E. Warm Springs Road, Suite 100
Las Vegas, NV 89120
Tel.: (702) 436-4333
Fax: (702) 260-8983
andrew@bdtlawyers.com
*Attorney for Defendants,*
*National Print Group, Inc.; Rock-Tenn Company;*
*National Las Vegas, Inc.; National Las Vegas, LLC; and*
*Rock-Tenn Converting Company*

*/s/ Renee Ouellette*
An Employee of
HALL JAFFE & CLAYTON, LLP.