RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

HALL JAFFE & CLAYTON, LLP
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC; and*
*Fireman's Fund Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio corporation<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL PRINT GROUP, INC., an inactive qualified non-survivor merged Tennessee corporation; ROCK-TENN COMPANY, a Georgia corporation; NATIONAL LAS VEGAS, INC., a merge dissolved Nevada corporation; NATIONAL LAS VEGAS, LLC, a merge dissolved Nevada limited liability company; SN INVESTMENT PROPERTIES, LLC, a Delaware limited liability company; HARSCH INVESTMENT PROPERTIES, LLC, an Oregon limited liability company; and HARSCH INVESTMENT PROPERTIES NEVADA, LLC, an Oregon limited liability company; FIREMAN'S FUND INSURANCE COMPANY, a California corporation;<br><br>Defendants. | CASE NO.: 2:14-cv-02174-GMN-VCF<br><br>**DEFENDANTS', SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC; and FIREMAN'S FUND INSURANCE COMPANY, REPLY IN SUPPORT OF MOTION TO STAY ALL DISCOVERY PENDING A DECISION ON DEFENDANTS' MOTION TO DISMISS/STAY (DKT. #16) IN RESPONSE TO CINCINNATI INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY (DKT. #42)** |

Defendants, SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC (hereinafter, collectively,

"SN/Harsch"); and FIREMAN'S FUND INSURANCE COMPANY (hereinafter, with SN/Harsch, collectively, "Defendants"), by and through their counsel of record, HALL JAFFE & CLAYTON, LLP, hereby submit their Reply in Support of their Motion to Stay All Discovery (Dkt. #36) Pending a Decision on Defendants' Motion to Dismiss/Stay (Dkt. #16) in response to Cincinnati Insurance Company's (hereinafter, "Cincinnati") Response (Dkt. # 42) to Defendants' Motion to Stay Discovery (Dkt. #36) ("Response"). As Cincinnati's Response (Dkt. # 42) fails to establish that the relevant criteria for granting a stay of discovery are not satisfied in the context of this case, this Court should grant Defendants' Motion to Stay Discovery (Dkt. #36).

This Reply is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities submitted herewith, and any oral argument that the Court might allow in this matter.

DATED this 4th day of June, 2015.

HALL JAFFE & CLAYTON, LLP

By *__/s/ Riley A. Clayton__*
RILEY A. CLAYTON
Nevada Bar No. 005260
KATHY A. MCCARTHY
Nevada Bar No. 11204
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC;*
*and Fireman's Fund Insurance Company*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Cincinnati opposes Defendants' Motion to Stay Discovery (Dkt. # 36) in reliance on the merits of its Declaratory Relief Action ("DRA") (Dkt. # 1) and its assertion that allowing discovery to proceed will best promote justice and efficiency. (Dkt. #42, p. 3.) However, Cincinnati's DRA seeks coverage

determinations that are dependent upon factual issues that will necessarily be decided in the state court proceeding from which Cincinnati's DRA arises. In such cases, the law clearly favors dismissal, or stay, of the declaratory relief action pending resolution of the state court proceeding, absent the presence of circumstances warranting an exception to this general rule. Cincinnati has offered no circumstances that would warrant an exception to this rule, or distinguish its DRA from "the general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted." (*See, Employers Reinsurance Corp. v. Karussos*, 65 F. 3d 796, 799 (9th Cir. 1995).

Since the weight of authority supports dismissal/stay of Cincinnati's DRA, proceeding with discovery imposes an unnecessary burden on the parties, particularly in light of the fact that the issues on which discovery are currently being conducted are likely to be resolved in the Underlying Litigation. Therefore, Defendants renew their request for a stay of discover pending resolution of their Motion to Dismiss/Stay (Dkt. # 36).

## II. LEGAL ARGUMENT

### A. Standard

Cincinnati's Response contends that Defendants have failed to meet their "heavy burden" in support of their Motion to Stay Discovery. (Dkt. # 42, p. 3.) However, Cincinnati concedes two of the three criteria on which courts base their analysis of whether a stay of discovery is appropriate, namely, that Defendants' Motion to Dismiss/Stay (Dkt. # 16) is potentially dispositive, and that no additional discovery is needed before this Court can rule on Defendants' Motion. (*See*, Dkt. # 42, p. 7.) The only remaining issue, then, is whether a "preliminary peek" at Defendants' Motion to Dismiss/Stay indicates a likelihood of success. For the reasons set forth below, Defendants maintain that it does.

### B. A "Preliminary Peek" Establishes the Likelihood that Defendants' Motion to Dismiss/Stay Will Prevail.

#### 1. The Standard to Dismiss or Stay a Declaratory Action Does Not Require That The Parties and/or Issues Be Identical.

Cincinnati asserts that Defendants' Motion to Dismiss/Stay (Dkt. # 16) fails to establish that Cincinnati will be unable to state a claim for relief. (Dkt. # 42, p. 7.) While acknowledging there is a presumption that the entire suit be heard in state court if there are parallel federal and state actions

involving the same issues and parties, Cincinnati maintains that the state and federal proceedings are not parallel in this instance because the Underlying Litigation does not involve the same issues and parties as its DRA. (*See*, Dkt. # 42, p. 8.) Specifically, Cincinnati contends the state court is not charged with determining the insured(s) under the relevant policies, and neither it nor FFIC are parties to the Underlying Litigation. (*See*, Dkt. # 42, p. 8.) However, the United States Supreme Court has made clear that the parties and issues need not be identical for a court to be empowered to stay the proceedings in one suit pending proceedings in another. *See, Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Moreover, a parallel proceeding is said to exist between a federal action and a state action when the ultimate legal determination in each action depends upon the same facts, **despite the presentation of different legal issues in the respective pleadings**. *See, Diamond State Ins. Co., v. Fame Operating Co., Inc.*, 917 F. Supp. 736, 738-39 (1996). The *Diamond State* Court cited the general rule that federal courts should decline to assert jurisdiction over insurance coverage actions that present only issues of state law, such as Cincinnati's DRA, during the pendency of parallel state proceedings unless there are circumstances that warrant an exception to this rule. *See, Diamond State Ins. Co., v. Fame Operating Co., Inc.*, 917 F. Supp. at 738. The *Diamond State* court also reemphasized the general rule that insurance coverage actions belong in state rather than federal court. (*See, id.)* As Cincinnati has offered no circumstances that would warrant a departure from the general rule, controlling authority favors this Court's granting of Defendants' Motion to Dismiss/Stay (Dkt. # 16), which supports the criteria for granting a stay of discovery pending resolution of that motion.

**2. In Order for this Court to Make Any Decisions Regarding Coverage Issues, It Must Either Rely on Hypotheticals or Engage in A Fact-Finding Process.**

In support of its contention that its DRA will not require this court to render opinions based on hypothetical factual scenarios, Cincinnati attempts to distinguish the *Diamond State* case, *supra*, by arguing that the disputes in the declaratory relief action in the *Diamond State* case required the court to consider the factual circumstances under which the claims arose simultaneous to the policy provisions. (Dkt. # 42, p. 9.) Cincinnati then disingenuously asserts that this case does not rely on disputed facts in the Underlying Action, while maintaining, as it has in all of its pleadings, that National Print Group, Inc.

("NPG"), the only Named Insured under the relevant policy, was not the tenant on the date that Plaintiff in the Underlying Litigation sustained his injury ("Incident"). (Dkt. # 42, p. 9.) **This contention contradicts the assertion of Plaintiff in the Underlying Litigation who indicates that National Print Group was both his employer and Defendants' tenant at the time of the Incident.** (Dkt. # 16, Exhibit "A.") The identity of Plaintiff's employer is critical in the Underlying Litigation, as evidenced by the "Stipulation and Order to Extend Discovery Deadlines (Fourth Request)" ("SAO") attached to Cincinnati's Response (Dkt. #42) as Exhibit '"1." According to the SAO, discovery includes request and receipt of Plaintiff's employment records, as well as an intended deposition of Plaintiff's employer. (Dkt. 42, Exhibit "1," p. 3.) By establishing the identity of Plaintiff's employer in the normal course of the Underlying Litigation, the parties will necessarily establish the identity of the tenant for purpose of coverage in the DRA.

Although the identity of Plaintiff's employer/Defendants' tenant is clearly disputed in the Underlying Litigation, Cincinnati's DRA asks this Court to find there is no coverage for NPG on the basis it was not a tenant at the time of the Incident. (Dkt. # 1, p. 17.) Cincinnati's DRA is also predicated on liability adverse to Defendants, however liability is an issue yet to be determined in the Underlying Litigation. (Dkt. #1, p. 9.) In order to make the coverage determinations requested by Cincinnati's DRA, then, this Court must either accept these contested allegations as true, or engage in its own fact-finding process to determine the same issues currently being litigated in the state court proceeding.

A similar scenario was presented in the *Diamond State* case, causing the Court to observe that the record before it was devoid of facts on which to determine the coverage issues, as the necessary facts had yet to be developed through the state court proceedings. *See*, *Diamond State Ins. Co., v. Fame Operating Co., Inc.*, 917 F. Supp. at 739. The Court then stated it should not be required to assume the facts as alleged, render its decisions, then hope the facts as developed in the underlying action would be as assumed. (*See, id.*) In an effort to obviate this issue, courts favor staying coverage actions pending resolution of the underlying actions. *See, Pacific Employers Ins. Co. v. Herman Kishner Trust*, 2011 WL 977019 (D. Nev. 2011) reconsideration denied, 2011 WL 2975601 (D. Nev. 2011); *see, also, Continental Cas. Co.. v. Global Allies, LLC*, 2012 WL5289315 (E.D. Cal. 2012)("[A] stay is always

required if the coverage action and the underlying action involve overlapping factual issues 'that could work to the insured's detriment in the underlying case if adjudicated beforehand in the coverage proceeding.")(*citing, Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863 (9th Cir.1979)("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")) The overlap of factual and legal issues between Cincinnati's DRA and the Underlying Litigation also favors this Court's granting of Defendants' Motion to Dismiss/Stay (Dkt. # 16), which supports the criteria for granting a stay of discovery pending resolution of that motion. Therefore, this Court should grant the motion to stay discovery.

**3. Cincinnati Has Failed to Establish the Existence of Circumstances That Would Warrant a Departure from The General Rule That a Federal Court Should Decline Jurisdiction Over An Insurance Coverage Action During Pendency of a Parallel State Court Proceeding.**

It is well-established that, in the insurance coverage context, a stay of a declaratory relief action pending resolution of a third party suit is appropriate when the coverage questions turn on facts to be litigated in the underlying action. *See*, *Continental Cas. Co. v. Global Allies*, LLC, 2012 WL 5289315 (E.D. CA, 2012)(citation omitted). In fact, the general rule is that federal courts should decline to assert jurisdiction in insurance coverage actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances to warrant an exception to that rule. *See, Diamond State Ins. Co., v. Fame Operating Co., Inc*., 917 F. Supp. 736, 738 (1996). Contrary to the weight of authority, and without evidencing any circumstances that would warrant an exception to this general rule, Cincinnati contends that this Court should exercise jurisdiction over this case. (*See*, Dkt. # 42, p. 11.)

In urging this Court to allow discovery to move forward, Cincinnati emphasizes the fact that it is paying litigation expenses in the state action without benefit of phased discovery to understand "Cincinnati's coverage obligations as well as NPG's organizational structure." (*See*, Dkt. # 42, p. 11.) This is not a novel argument, however and, while recognizing the possibility that allowing discovery to be stayed might result in an insurer paying defense costs it may ultimately be found to have had no duty

to pay, courts also recognize that forcing an insured to battle two actions at the same time undercuts one of the primary reasons for purchasing liability insurance. *See, Evanston Ins. Co. v. 70 Ltd. Partnership*, 2014 WL 6882415 (D. Nev., 2014). Even when its litigation expenses in an underlying action are covered, an insured is prejudiced because it is still forced to expend its limited resources and time to litigate both cases simultaneously. (*See, id.)* What Cincinnati cannot escape is the conclusion that if it is ultimately determined in the DRA that it was not obligated to defend, Cincinnati still can pursue recovery in the DRA once the underlying lawsuit is resolved.

Furthermore, the Nevada Supreme Court has declared that the duty to defend is broader than the duty to indemnify, and that an "insurer bears a duty to defend its insured whenever it ascertains facts which give rise to the **potential of liability under the policy**." *See, United National Ins. Co. v. Frontier Ins. Co., Inc*., 120 Nev. 678, 686-87, 99 P. 3d 1153, 1158 (2004). **Any doubt about whether the duty to defend arises must be resolved in favor of the insured.** (*See, id.*) Thus, the argument that Cincinnati is funding a defense it might ultimately be found to have had no duty to fund is not a sufficient basis for this court to exercise its jurisdiction contrary to the weight of authority which is against a federal court entertaining a declaratory relief action when a state proceeding is pending. *See, Employers Reinsurance Corp. v. Karussos*, 65 F. 3d 796 (1995)(holding that the district court's exercise of jurisdiction constituted an abuse of discretion when the parties had offered no facts or circumstances that would make the exercise of federal jurisdiction appropriate, and had failed to distinguish their case from the general run of insurance coverage cases in which the exercise of a district court's jurisdiction would be unwarranted).

Nor will allowing the DRA to proceed facilitate the orderly course of justice as Cincinnati contends. (*See*, Dkt. # 42, p. 11.) To the contrary, it will "result in the federal court needlessly analyzing a state law issue that the state court is equally, if not better equipped to decide." (*See, American Nat. Fire Ins. Co. V. Hungerford*, 53 F. 3d 1012, 1018 (9th Cir. 1995). The *Hungerford* case involved a coverage action in federal court filed by American National, seeking a declaration that certain policy provisions excluded Hungerford from coverage in the underlying action. (*See, id.*) Citing the holding in *Mercier*, the *Hungerford* court found where there is an ongoing state proceeding involving a state law

issue predicated on the same factual transaction or occurrence as a matter pending in federal court, the state court is the more suitable forum for a related claim . (*See, id.*)(*citing, Allstate Ins. Co. v. Mercier,* 913 F. 2d 273 (6th Cir. 1990).) The Court also noted that it should not endorse a litigant's attempt to obtain a federal forum for the remedy it seeks when it could have brought the same action in state court. *See, id.; see, also*, *Diamond State Ins. Co., v. Fame Operating Co., Inc.*, 917 F. Supp. 736, 739 (1996)(citing Nevada's Uniform Declaratory Judgments Act, NRS Sects. 30.010 *et seq*., as another compelling reason for the federal court to decline jurisdiction in that case since Diamond State could have sought declaratory relief from the same court that would decide the underlying tort action).

Although it is clear that this Court should disallow discovery pending the determination of the pending motion to dismiss/stay, such a ruling does not leave Cincinnati with no remedy if it is ultimately found to have had no obligation to provide a defense to some or all of the parties in the Underlying Litigation. Cincinnati will have the opportunity to pursue its subrogation, indemnity, and contribution claims, as appropriate, once the Underlying Litigation has been resolved and any such claims have become ripe for adjudication. Therefore, Cincinnati's concerns about funding a defense it might not have had to fund are insufficient to warrant a departure from the general rule that a federal court should decline to hear a coverage action in this context, and cannot support a finding that Defendants' Motion to Dismiss/Stay (Dkt. # 36) is not likely to succeed.

**C. Staying Discovery Pending This Court's Ruling on Defendants' Motion to Dismiss/Stay (Dkt. # 36) Will Best Facilitate the Just, Speedy, and Inexpensive Determination of this Action, Consistent with the Objectives of FRCP Rule 1.**

Cincinnati asserts that proceeding with phased discovery will allow for the just and efficient determination of this matter. (Dkt. # 42, p. 12.) While phased discovery might promote justice and efficiency in the normal course of a proceeding, in this instance there is a strong likelihood that the matter for which discovery is being conducted will be dismissed or, at least, stayed pending resolution of the Underlying Litigation. If Defendants' Motion to Dismiss/Stay is granted, the parties will have incurred unnecessary expense in conducting discovery on issues that are likely to be resolved in the course of the Underlying Litigation. For example, the initial phase of discovery is focusing on, *inter alia*, NPG's organizational structure. (Dkt. # 42, p. 12.) If the Underlying Litigation establishes NPG as the

tenant at the time of the Incident, contrary to Cincinnati's assertions, then discovery into NPG's organizational structure might prove unnecessary.

Requiring the parties to engage in discovery in two different forums is not only unnecessarily expensive, it creates the possibility that the courts will arrive at different conclusions regarding the same facts depending upon the information presented by the parties. This is contrary to the objective of promoting justice, since a determination in Cincinnati's DRA could potentially work to the insured's detriment in the Underlying Litigation. *See, Continental Cas. Co., v. Global Allies*, LLC, 2012 WL 5289351 (E.D. Cal. 2012). It also conflicts with the promotion of justice in that it permits Cincinnati to engage in an effort to disengage itself from the insureds it is supposed to be defending in the Underlying Litigation. In other words, Cincinnati is presenting to this Court that information most favorable to a determination that it has no duty to defend, when different information might be provided by other parties in the Underlying Litigation in support of Cincinnati's duty to defend. Not only does this promote the possibility of different conclusions by different courts, but it permits the insurer to effectively attack its insureds, one of the primary concerns recognized by Courts when analyzing whether a federal declaratory relief action should be stayed pending resolution of an underlying state action. *See*, *Evanston Ins. Co., v. 70 Ltd. Partnership*, 2014 WL 6882415 (D. Nev. 2014). This conflict is suggested by Cincinnati, itself, when it indicates that "[a] delay in this analysis and investigation through this declaratory relief action will only potentially delay the resolution of the Underlying Action." (Dkt. 42, p. 13.) Therefore, Defendants maintain a stay of discovery is most conducive to the promotion of a "just, speedy, and inexpensive determination of this action," consistent with the objectives of FRCP Rule 1.

## III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Defendants' Motion to Stay Discovery (Dkt. # 36), Defendants respectfully request this Court grant their motion and stay discovery

//

//

//

//

in this matter pending resolution of Defendant's Motion to Dismiss/Stay (Dkt. # 16) Cincinnati's DRA (Dkt. # 1).

DATED this 4th day of June, 2015.

HALL JAFFE & CLAYTON, LLP

By *__/s/ Riley A. Clayton__*
RILEY A. CLAYTON
Nevada Bar No. 005260
KATHY A. MCCARTHY
Nevada Bar No. 11204
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendants,
*SN Investment Properties, LLC;*
*Harsch Investment Properties, LLC;*
*Harsch Investment Properties Nevada, LLC;*
*and Fireman's Fund Insurance Company*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 5th day of June, 2015, the foregoing **DEFENDANTS', SN INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES, LLC; HARSCH INVESTMENT PROPERTIES NEVADA, LLC; and FIREMAN'S FUND INSURANCE COMPANY, REPLY IN SUPPORT OF MOTION TO STAY ALL DISCOVERY PENDING A DECISION ON DEFENDANTS' MOTION TO DISMISS/STAY (DKT. #16) IN RESPONSE TO CINCINNATI INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY (DKT. #42)** was served upon the parties via the Court's e-filing and service program, addressed as follows:

Leland Eugene Backus, Esq.
BACKUS, CARRANZA & BURDEN
3050 S. Durango Drive
Las Vegas, NV 89117
Tel.: (702) 872-5555
Fax: (702) 872-5545
gbackus@backuslaw.com
*Attorney for Plaintiff*

Andrew F. Dixon, Esq.
BOWLER DIXON & TWITCHELL, LLP
3137 E. Warm Springs Road, Suite 100
Las Vegas, NV 89120
Tel.: (702) 436-4333
Fax: (702) 260-8983
andrew@bdtlawyers.com
*Attorney for Defendants,*
*National Print Group, Inc.; Rock-Tenn Company;*
*National Las Vegas, Inc.; National Las Vegas, LLC; and*
*Rock-Tenn Converting Company*

*/s/ Renee Ouellette*
An Employee of
HALL JAFFE & CLAYTON, LLP