**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CINCINNATI INSURANCE COMPANY,

          Plaintiff,

vs.

NATIONAL PRINT GROUP, *et al*.,

          Defendant.

Case No. 2:14–cv–2174–GMN–VCF

**ORDER AND
REPORT & RECOMMENDATION**

M̲otion to D̲ismiss (#16)
M̲otion to S̲tay (#36)

      This matter involves Cincinnati Insurance Company's declaratory-judgment action against National Print Group and others. Before the court are Defendant Fireman's Fund Insurance Company's Motion to Dismiss (#16). Plaintiff and Defendant National Las Vegas, Inc. opposed (#25, #26[1]); and Defendant Fireman's Fund Insurance Company replied (#32, #33). Also before the court is Defendant Fireman's Fund Insurance Company's Motion to Stay (#36). Plaintiff and Defendant National Las Vegas, Inc. opposed (#40, #42); and Defendant Fireman's Fund Insurance Company replied (#41, #44). For the reasons stated below, the Motion to Dismiss should be granted and the Motion to Stay is granted pending consideration by the District Judge.

**I. BACKGROUND**

      In 2010, Douglas Newson worked for the National Print Group, which leased office space at 4545 W. Diablo Drive in Las Vegas, Nevada. The roof of the building had allegedly been leaking and in need of repair. On December 20, 2010, Mr. Newson went to work, slipped and fell on water that leaked through the roof, and suffered injuries that have rendered him "sick, lame, and disabled."

---

[1] Parenthetical citations refer to the court's docket.

On August 8, 2011, Mr. Newson and his wife commenced a personal-injury action in state court against the property's three lessors: SN Investment Properties, LLC, Harsh Investment Properties, LLC, and Harsh Investment Properties Nevada, LLC. Under the terms of the lessors' insurance policy, Cincinnati Insurance Company agreed to defend the lessors if an action is commenced against them. However, the policy also a reservation-of-rights clause that permitted Cincinnati to commence a declaratory-judgment action and litigate its duties under the policy.

On December 22, 2014, Cincinnati exercised its right to commence a declaratory-judgment action by filing this suit. Cincinnati alleges, *inter alia*, that the lessors' potential liability for Mr. Newson's injuries are not covered by their insurance policy with Cincinnati.

Now, the lessors and Defendant Fireman's Fund Insurance Company move to stay and/or dismiss Cincinnati's declaratory-judgment action. They contend that Cincinnati's claim should be litigated in state court under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).

## II. LEGAL STANDARD

Under the Declaratory Judgment Act, a district court has the "unique and substantial discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995). The Declaratory Judgment Act states that "courts may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). A district court is under no compulsion to exercise its jurisdiction. *Brillhart*, 316 U.S. at 494; *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) ("This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.") (internal quotations omitted). In fact, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (internal quotation marks omitted).

When making a determination concerning whether to exercise jurisdiction, the district court's discretion is governed by the three factors set forth in *Brillhart*: (1) avoidance of needless determination of state law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225. At the core of these prudential considerations is an assessment of "how judicial economy, comity, and federalism are affected in a given case." *Id*. at 1226.

The Ninth Circuit has held that "federal courts should decline to assert jurisdiction in [. . .] declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Emp'rs. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) (internal quotations omitted) *overruled in part on other grounds by Dizol*, 133 F.3d 1220; *see also Golden Eagle*, 103 F.3d at 754 ("[N]othing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action.").

### III. DISCUSSION

Cincinnati's action should be dismissed. Where, as here, a parallel state action is proceeding that involves the same issues and parties, there is a presumption that the entire suit should be heard in state court. *Chamberlain v. Allstate Ins. Co*., 931 F.2d 1361, 1366–67 (9th Cir. 1991). The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. *Id*. at 1367. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions. *Dizol*, 133 F.3d at 1225.

August 8, 2011, Mr. Newson commenced an action in state court arising out of his slip and fall at the National Print Company's office. On December 22, 2014, Cincinnati commenced this declaratory-judgment action that also arises out of Mr. Newson's slip and fall. Although the issues raised by each case

are not strictly parallel, strict parallelism is not required. *See Pac. Emp'rs Ins. Co. v. Herman Kishner Trust*, No. 2:10–cv–897–JCM–PAL, 2011 WL 977019, at *2 (D. Nev. Mar. 18, 2011) (Mahan, J.) ("[E]ven though all of the legal issues were not parallel, the federal action does parallel the state action in the sense that the ultimate legal determination in each depends upon the same facts.") (internal quotation marks and citations omitted).

Accordingly, the *Brillhart* factors favor dismissal here. First, each of the declarations that Cincinnati seeks requires a determination of state-law issues. *Dizol*, 133 F.3d at 1225. In order for this court to determine the extent of coverage with regards to the parties and the applicable provisions, the court must look at the same set of facts as the underlying cases. For instance, the parities dispute whether National Print Group was a tenant at the time of Mr. Newson's slip and fall. Cincinnati asserts that National Print Group "was not a tenant . . . during the relevant time period" and, consequently, no coverage exists. (Doc. #25 at 11:8–10). By contrast, Defendants contend that National Print Group was a tenant. They rely on, *inter alia*, Mr. Newson's complaint, which identifies National Print Group as Mr. Newson's employer and a tenant of the property. This dispute demonstrates the existence of overlapping issues, which favors dismissal.[2] *See Herman Kishner Trust*, 2011 WL 977019, at *2; *see also* (Def.'s Mot. to Dismiss (#16) at 6–10) (identifying thirteen additional overlapping issues raised by both complaints).

The second *Brillhart* factor concerns the possibility of forum shopping. *Dizol*, 133 F.3d at 1225. Here, there is no indication that Cincinnati is forum shopping. As a result, this factor is neutral. *See State Farm Mut. Auto. Ins. Co. v. Garcia*, No. 2:13–cv–2099–GMN, 2014 WL 3421641, at *4 (D. Nev. July 9,

---

[2] The RockTenn Defendants argue that Cincinnati's declaratory-judgment action should not be stayed or dismissed because a stay or dismissal may leave RockTenn without a defense from their insurer, Cincinnati. Accordingly, RockTenn contends that this court should proceed with the declaratory-judgment action before the parties litigate Mr. Newson's personal-injury action. The court is sympathetic to RockTenn's situation. It is, however, irrelevant under the *Brillhart* factors.

2014) (finding the second *Brillhart* factor neutral where there was no indication of forum shopping); *Allstate Fire & Cas. Ins. Co. v. Diamond*, No. 2:14–cv–1044–GMN, 2015 WL 265422, at *3 (D. Nev. Jan. 21, 2015) (finding the same).

The third *Brillhart* factor considers the avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225. This factor weighs heavily in favor of dismissal. Although the parties assert different claims in the state and federal actions, both matters rely on the same set of facts and will require two finders of fact to decide overlapping factual disputes. As discussed above, chief among the overlapping issues is whether National Print Group was a tenant at the time of Mr. Newson's slip and fall.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (#16) be GRANTED.

IT IS ORDERED that Defendants' Motion to Stay (#36) is GRANTED pending consideration by the District Judge.

DATED this 29th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE